# *IN THE DISTRICT COURT OF THE UNITED STATES*

## *for the Western District of New York*

_____

**November 2014 GRAND JURY**
**(Impaneled 11/7/2014)**

**THE UNITED STATES OF AMERICA**

    *-vs-*

**INDICTMENT**

**JULIO RODRIGUEZ a/k/a Richard**
**Rodriguez a/k/a Richie Rodriguez**
  (Counts 1, 5, 7, 13, 14, 18, 22),
**GREGORY GIBBONS**
  (Counts 1-24),
**LAURENCE SAVEDOFF**
  (Counts 1-24), and
**TINA BROWN**
  (Counts 1, 2, 4, 6, 8, 9, 12, 17, 19, 21, 24)

**Violations:**
**Title 18, United States Code,**
**Sections 1349, 1343, 1341, 1344,**
**and 2**
**(24 Counts and Forfeiture Allegation)**

## <u>INTRODUCTION</u>

At all times pertinent to this Indictment,

1.    The Funding Source, LLC ("TFS") was a licensed mortgage bank in the State of New York and operated its principal office in Syracuse, New York.

2.    The defendant, JULIO RODRIGUEZ a/k/a Richard Rodriguez a/k/a Richie Rodriguez ("RODRIGUEZ"), was a real estate appraiser and realtor licensed in the State of New York. Defendant RODRIGUEZ owned Extreme Realty, Paradigm Real Estate Services, Inc. and Advanced Appraisals, all of which had offices located in Bronx, New York.

Defendant RODRIGUEZ was involved as a seller and as a realtor with certain of the loans originated by TFS which are the subject of this Indictment.

3.      The defendant, GREGORY GIBBONS ("GIBBONS"), was a mortgage broker in the State of New York.  Defendant GIBBONS owned Radius Mortgage Services, LLC ("Radius") and GIBCO, LLC ("GIBCO"), both of which were registered to do business in the State of New York.  Defendant GIBBONS, using his companies, acted as the mortgage broker in the real estate transactions involving certain of the mortgage loans originated by TFS which are the subject of this Indictment.  Defendant GIBBONS also acted as a loan officer and/or broker for EPIX Funding Group, Inc. ("EPIX"), a finance lender and/or mortgage broker which was located in Florida but registered to do business in the State of New York, in a real estate transaction involving a mortgage loan originated by EPIX which is the subject of this Indictment.

4.      The defendant, LAURENCE SAVEDOFF ("SAVEDOFF"), was an attorney licensed to practice in the State of New York and maintained an office in Bronx, New York. His roles in the real estate transactions involving mortgage loans originated by TFS and EPIX which are the subject of this Indictment included, at times, seller, settlement attorney, attorney for the seller, and attorney for the purchaser. As settlement attorney, defendant SAVEDOFF was responsible for ensuring the accuracy of the information provided to a mortgage loan lender regarding the receipt and disbursement of the mortgage loan funds as well as funds provided by the purchaser of the real property.

5.      The defendant, TINA BROWN ("BROWN"), was a realtor who maintained an office in the same building as defendant SAVEDOFF'S law practice in Bronx, New York.

Defendant BROWN owned HireHigher Inc. ("HireHigher"), a company in the business of assisting individuals in finding employment.  The loan packages for two real estate transactions involving mortgage loans originated by TFS which are the subject of this Indictment included false documents purporting to show that the purchasers worked for HireHigher.  Additionally, defendant BROWN was the seller for two real estate transactions involving mortgage loans originated by TFS which are the subject of this Indictment.

6.     TFS employed loan officers that conducted TFS business in various locations, including Webster, New York, in the Western District of New York.  TFS used United Abstract & Research, Inc. ("United"), a title company located in Rochester, New York, in the Western District of New York, to facilitate closings of real estate transactions.

7.     The Federal Housing Administration ("FHA"), a component of the United States Department of Housing and Urban Development, was a federal agency that insured loans secured by residential property. FHA mortgage insurance provides lenders with protection against losses as the result of homeowners defaulting on their mortgage loans. The lenders bear less risk because FHA will pay a claim to the lender in the event of a homeowner's default. Loans must meet certain requirements established by FHA to qualify for insurance.

8.     TFS was a Direct Endorser for FHA and, as such, originated FHA loans that were eligible for insurance and indemnification. Among the requirements for obtaining an FHA insured loan was that the borrowers must have provided 3% to 3.5% of the purchase price. Pursuant to FHA regulations, prior to the closing of a loan insured by FHA, a HUD-1 Settlement Statement and Addendum setting forth the financial aspects of the transaction had to be completed and certified.   FHA relied upon, among other things, the information

3

contained in the HUD-1 Settlement Statement and Addendum in determining whether or not to insure a loan.

9.       It was the common practice of TFS to sell mortgage loans and/or servicing rights on mortgage loans that it originated to federally insured financial institutions.  When mortgage loans or servicing rights were sold, the purchasing financial institutions collected the mortgage loan payments and carried the risk of non-payment and default by the mortgage loan borrower.

10.      TFS sold mortgage loans and/or servicing rights on mortgage loans to Manufacturers & Traders Trust Company, also known as M&T Bank, N.A. ("M&T"); SunTrust Bank; Citibank, N.A., a division of Citigroup, Inc.; and Metlife Home Loans, LLC, a division of Metlife Bank, N.A., each of which was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC').

11.      M&T maintained its headquarters in Buffalo, New York, in the Western District of New York. At times, M&T sold the mortgage loans it purchased from TFS to other financial institutions the deposits of which were insured by the FDIC, including Countrywide Financial, now known as Bank of America, N.A. ("Countrywide Financial"), and JPMorgan Chase Bank, N. A, a division of JPMorgan Chase & Company ("JP Morgan Chase").

12.      Defendant SAVEDOFF used and directed his assistant, an individual known to the Grand Jury but not indicted herein, to handle aspects of real estate transactions involving mortgage loans originated by TFS and EPIX which are the subject of this Indictment, including signing defendant SAVEDOFF's signature on documents and sending wires and deliveries, all at defendant SAVEDOFF's direction.

13.    Co-conspirator 1, an individual known to the Grand Jury but not indicted herein, was a realtor licensed in the State of New York.  Co-conspirator 1 maintained an office in defendant SAVEDOFF's building and acted as the real estate agent and as the seller in real estate transactions involving mortgage loans originated by TFS and EPIX that are the subject of this Indictment.

14.    Co-conspirator 2, an individual known to the Grand Jury but not indicted herein, was a purchaser in real estate transactions involving mortgage loans originated by TFS and EPIX which are the subject of this Indictment.  Co-conspirator 2 owned Eagle Eyes, LLC.  The loan packages for two real estate transactions involving mortgage loans originated by TFS which are the subject of this Indictment included fraudulent documents purporting to show that the purchasers worked for Eagle Eyes, LLC.

## COUNT 1

### (Conspiracy to Commit Wire and Mail Fraud Affecting Financial Institutions)

### The Grand Jury Further Charges That:

1.    The Introduction of this Indictment is repeated, re-alleged and incorporated by reference as if fully set forth herein.

### A.    Object of the Conspiracy

2.    Beginning in or about June 2008 and continuing until in or about February 2009, in the Western District of New York, and elsewhere, the defendants, JULIO RODRIGUEZ a/k/a Richard Rodriguez a/k/a Richie Rodriguez ("RODRIGUEZ"), GREGORY GIBBONS ("GIBBONS"), LAURENCE SAVEDOFF ("SAVEDOFF"), and TINA BROWN ("BROWN"), did knowingly, willfully and unlawfully combine, conspire and agree together

and with others, known and unknown to the Grand Jury, to devise a scheme and artifice to defraud TFS, FHA, EPIX, and financial institutions, including M&T, Suntrust Bank, Bank of America, N.A., JPMorgan Chase Bank, N.A., Metlife Home Loans, LLC, and Citibank, and to obtain money from these entities by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice affected financial institutions, and for the purpose of executing the scheme and artifice:

(a)  to deposit, and to cause to be deposited, matter and things to be sent and delivered by FedEx, a private and commercial interstate carrier, and to knowingly cause matter and things to be delivered by such carrier according to the direction thereon and at the place at which it is directed to be delivered by the person to whom it is addressed, in violation of Title 18, United States Code, Section 1341; and

(b) to transmit, and to cause to be transmitted, by means of wire communication in interstate commerce, writings, signs, signals pictures and sounds, in violation of Title 18, United States Code, Section 1343.

**B.    The Manner and Means of the Conspiracy**

3.    The defendants, RODRIGUEZ, GIBBONS, SAVEDOFF, and BROWN, made, and caused to be made, false statements in loan applications to TFS for multiple loans for the purchase of real property which were insured by the FHA.  These loans were initially funded by TFS and then sold to federally insured financial institutions.

4.    In these transactions, the defendants, RODRIGUEZ, GIBBONS, SAVEDOFF, and BROWN, assisted individuals with the purchase of properties and fraudulently qualified

6

them for FHA insured mortgage loans through false applications and supporting documentation submitted to TFS.

5.     To induce TFS to make the mortgage loans, the defendants, RODRIGUEZ, GIBBONS, SAVEDOFF, and BROWN, caused loan packages to be prepared and submitted that contained false and fraudulent statements, representations, pretenses and promises, and that omitted and concealed material facts.  Loan packages submitted during the course of the scheme variously misrepresented and misstated:

a.  the purchasers' income and/or assets;

b.  the purchasers' place of employment;

c.  the existence and source of down payment funds to be provided at closing by the purchasers;

d.  the occupancy of the premises;

e.  the ownership of the premises; and

f.  otherwise contained false or forged documents.

6.     In determining whether or not to fund a loan, it was the practice of TFS and the financial institutions that subsequently purchased those loans to rely upon the information contained in the loan documents including the HUD-1 Settlement Statement and Addendum. The loan application forms and HUD-1 Settlement Statements and Addendums submitted to TFS required that the information on them be complete and accurate.

7.  Pursuant to authorization from FHA, TFS was a direct endorser of FHA insured loans and approved loans for FHA insurance on behalf of FHA. In making the delegation of authority to TFS, FHA relied on the ability of TFS to determine the bona fides of loan

7

applications including the veracity of information on the HUD-1 Settlement Statements and Addendums and other supporting documentation submitted in support of loan applications. Accordingly, false and fraudulent information and documentation submitted to TFS was, in effect, also submitted to, and relied upon, by FHA and as a result, was also a fraud perpetrated upon FHA.

8.      The HUD-1 Settlement Statements and Addendums associated with the loan packages and real estate closing documents contained false and fraudulent statements, representations and certifications and omitted and concealed material facts.   These HUD-1 Settlement Statements and Addendums, at various times during the course of the scheme and artifice:

    a. failed accurately to disclose the true disposition of the mortgage loan proceeds;

    b. contained false statements as to the funds provided by the purchasers;

    c. contained false statements as to the fees that were actually paid for the transaction;

    d. contained false certifications; and

    e. contained inflated purchase prices.

9.      As part of the scheme and artifice, the defendants, RODRIGUEZ, GIBBONS, SAVEDOFF, and BROWN, created and provided false information and documents on behalf of purchasers in support of the loan applications.

10.      As part of the scheme and artifice, defendant SAVEDOFF's assistant, a person whose identity is known to the grand jury, at his direction, signed HUD-1 Settlement Statements and Addendums thereby fraudulently certifying that the information contained within was true and accurate.

11.     As part of the scheme and artifice, the defendants, RODRIGUEZ, GIBBONS, SAVEDOFF, and BROWN, caused, and assisted in causing, fraudulent mortgage loan documents to be sent via FedEx to and by various parties in the transactions, including United, located in the Western District of New York.

12.     As part of the scheme and artifice, the defendants, RODRIGUEZ, GIBBONS, SAVEDOFF, and BROWN, caused, and assisted in causing, wire transfers to be sent to various parties in the transactions, including transfers of funds for the mortgages transmitted by United using its account at Capital Bank, in New York State, to defendant SAVEDOFF's HSBC escrow account ending in 1846, which processed wires transfers through the State of Delaware; and by M&T, in New York State, to InSouth Bank ("InSouth"), which utilized the Federal Home Loan Bank of Cincinnati to process wire transfers through the State of Ohio.

13.     As a result of the false and fraudulent statements and representations made by the defendants, and others as directed by the defendants, in the transactions described in detail below, loans secured by real estate were originated by TFS, insured by FHA and sold to M&T, Suntrust Bank, Bank of America, N.A., JPMorgan Chase Bank, N.A., Metlife Home Loans, LLC, and Citibank.

## The Loan Transactions

### 1732 Unionport Road, Bronx, New York

14.     On or about June 19, 2008, the closing for the sale of 1732 Unionport Road, Bronx, New York, for the price of $650,000, took place.  Defendant RODRIGUEZ was the seller and acted as the real estate agent in this transaction.

15.     Defendant GIBBONS, through his company Radius, was the mortgage broker on the loan for the purchase of this property and provided false employment, income and asset documents to a TFS loan officer located in the Western District of New York in support of the loan application to TFS.

16.     Defendant SAVEDOFF was the settlement attorney for this transaction.

17.     The HUD-1 Settlement Statement falsely indicated that the purchaser provided $44,449.21 at closing, when in truth and in fact the purchaser provided no funds.

18.     The HUD-1 Settlement Statement falsely indicated that a broker fee was paid to Radius in the amount of $6,267.62, when in truth and in fact defendant GIBBONS received approximately $18,019.41 through GIBCO.

19.     Notwithstanding the false information and representations in the HUD-1 Settlement Statement and Addendum, defendant SAVEDOFF instructed his assistant to sign his name in order falsely and fraudulently to certify the HUD-1 Settlement Statement and Addendum as true and accurate before sending the loan documents to TFS.

20.     On or about June 25, 2008, the defendants RODRIGUEZ, GIBBONS, and SAVEDOFF, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $634,916.46 to be sent from M&T, account ending 0811, in Buffalo, New York, to InSouth, account ending in 3002, through the State of Ohio, for the purchase of the loan by M&T from TFS.

**4087 Edson Avenue, Bronx, New York**

21.     On or about July 31, 2008, the closing for the sale of 4087 Edson Avenue, Bronx, New York, for the price of $650,000, took place.  The purchaser, a person known to the Grand Jury, was a relative of defendant BROWN.  Co-conspirator 1, through his company Global Realty, served as the real estate agent for this transaction and provided the purchaser's actual employment, income and asset information and documents to Radius.

22.     Defendant GIBBONS, through his company Radius, was the mortgage broker on this loan and obtained the actual employment, income and asset documents from co-conspirator 1.  Defendant GIBBONS altered and falsified these documents and sent them to a TFS loan officer in the Western District of New York in support of the loan application to TFS.

23.     The falsified documents provided by defendant GIBBONS falsely and fraudulently indicated that the purchaser was employed by HireHigher, a company owned by defendant BROWN.

24.     Defendant SAVEDOFF was the settlement attorney for this transaction and also represented the purchaser.

25.     The HUD-1 Settlement Statement falsely indicated that the purchaser paid $15,772.29 at the closing, when in truth and in fact, the purchaser provided no funds.

26.     The HUD-1 Settlement Statement falsely indicated that a broker fee of $20,798.60 was paid to Radius outside of closing, when in truth and in fact, defendant GIBBONS received approximately this amount through GIBCO from the loan proceeds.

27.     Notwithstanding the false information and representations in the HUD-1 Settlement Statement and Addendum, defendant SAVEDOFF instructed his assistant, a person whose identity is known to the grand jury,  to sign his name in order falsely and fraudulently to certify the HUD-1 Settlement Statement and Addendum as true and accurate before sending the loan documents to TFS.

28.     On or about August 1, 2008, the defendants, GIBBONS, SAVEDOFF, and BROWN, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $622,616.27 to be sent through the State of Delaware from United's account at Capital Bank, ending in 6611, in New York, to defendant SAVEDOFF's escrow account, ending in 1846 at HSBC Bank, N.A. ("HSBC"), to fund the mortgage loan.

29.     On or about August 5, 2008, the defendants, GIBBONS, SAVEDOFF, and BROWN, and others known and unknown to the Grand Jury, caused false mortgage loan documents to be sent and delivered by FedEx from United in Rochester, New York to Greatwood Title & Abstract Agency, LLC. a title company owned by TFS in Syracuse, New York ("Greatwood Title"), on behalf of TFS.

30.     On or about August 11, 2008, the defendants, GIBBONS, SAVEDOFF, and BROWN, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $650,638.67 to be sent from M&T's account, ending in 0811, in Buffalo, New York, to InSouth account ending in 3002, through the State of Ohio, for the purchase of the loan.

**814 Faile Street, Bronx, New York**

31.     On or about August 22, 2008, the closing for the sale of 814 Faile Street, Bronx, New York, for the price of $585,000, took place.   Co-conspirator 1 served as the realtor for this transaction on behalf of co-conspirator 2, the purchaser, and co-conspirator 1 provided co-conspirator 2's actual employment, income and asset information and documents to defendant GIBBONS.

32.     Defendant GIBBONS, through his company Radius, was the mortgage broker on the loan for the purchase of this property and obtained the actual employment, income and asset documents from co-conspirator 1.   Defendant GIBBONS altered and falsified these documents and sent them to a TFS loan officer in the Western District of New York in support of the loan application to TFS.

33.     Defendant SAVEDOFF was the settlement attorney and represented the purchaser for this transaction.

34.     The HUD-1 Settlement Statement falsely indicated that the purchaser, co-conspirator 2, provided $43,837.15 to the seller at closing, when in truth and in fact, co-conspirator 2 provided no funds.

35.     The HUD-1 Settlement Statement falsely indicated that a sales or broker commission of $20,400 was paid by the seller to Global Realty, co-conspirator 1's company, when in truth and in fact, co-conspirator 1 received approximately $34,298.20.

36.     The HUD-1 Settlement Statement falsely indicated that a broker fee of $13,645.40 was paid to Radius Mortgage from the seller, when in truth and in fact, defendant GIBBONS received approximately $19,767.64 through GIBCO paid from the loan proceeds.

37.     Notwithstanding the false information and representations in the HUD-1 Settlement Statement and Addendum, defendant SAVEDOFF instructed his assistant to sign his name in order falsely and fraudulently to certify the HUD-1 Settlement Statement and Addendum as true and accurate before sending the loan documents to TFS.

38.      On or about August 22, 2008, defendants GIBBONS and SAVEDOFF, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $553,403.73 to be sent through the State of Delaware from United's account at Capital Bank, ending in 6611, in New York, to defendant SAVEDOFF's escrow account at HSBC, ending in 1846, to fund the mortgage loan.

39.     On or about August 27, 2008, defendants GIBBONS and SAVEDOFF, and others known and unknown to the Grand Jury, caused false mortgage loan documents to be sent and delivered by FedEx from United in Rochester, New York to Greatwood Title in Syracuse, New York on behalf of TFS.

40.     On or about September 3, 2008, the defendants GIBBONS and SAVEDOFF, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $580,202.89 to be sent from M&T account ending in 0811, in Buffalo, New York, to InSouth account ending in 3002, through the State of Ohio, for the purchase of the loan.

**949 E. 231st Street, Bronx, New York**

41.    On or about September 26, 2008, the closing for the sale of 949 E. 231st Street, Bronx, New York, for the price of $575,000, took place.  Defendant BROWN was the seller and co-conspirator 1 served as the real estate agent.

42.    The Contract of Sale falsely reflected that an attorney whose name is known to the Grand Jury represented both the purchaser and defendant BROWN as the seller in the transaction, when in truth and in fact, neither the purchaser nor defendant BROWN was represented by that attorney.

43.    Defendant GIBBONS, through his company Radius, was the mortgage broker on this loan and obtained actual employment, income and asset documents from co-conspirator 1. Defendant GIBBONS altered and falsified these documents and sent them to a TFS loan officer in the Western District of New York in support of the loan application to TFS.

44.    Defendant SAVEDOFF was the settlement attorney for this transaction.

45.    The HUD-1 Settlement Statement falsely indicated that the purchaser provided $15,525.63 at closing, when in truth and in fact, the purchaser provided no funds.

46.    The HUD-1 Settlement Statement falsely indicated that a broker fee of $11,404.02 was paid to Radius outside the closing, when in truth and in fact, defendant GIBBONS received approximately $17,551.79 through GIBCO which was paid from the loan proceeds.

47.     Notwithstanding the false information and representations in the HUD-1 Settlement Statement and Addendum, defendant SAVEDOFF instructed his assistant to sign his name in order falsely and fraudulently to certify the HUD-1 Settlement Statement and Addendum as true and accurate before sending the loan documents to TFS.

48.     On or about September 26, 2008, defendants GIBBONS, SAVEDOFF and BROWN, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $552,646.06 to be sent through the State of Delaware from United's account at Capital Bank, ending in 6611, in New York to defendant SAVEDOFF's escrow account at HSBC, ending in 1846, to fund the mortgage loan.

49.     On or about October 1, 2008, defendants GIBBONS, SAVEDOFF and BROWN, and others known and unknown to the Grand Jury, caused false mortgage loan documents to be sent and delivered by FedEx from United in Rochester, New York to Greatwood Title in Syracuse, New York on behalf of TFS.

**1728 Unionport Road, Bronx, New York**

50.     On or about September 30, 2008, the closing for the sale of 1728 Unionport Road, Bronx, New York, for the price of $586,000, took place. Defendant RODRIGUEZ's real estate business, Extreme Realty, served as the real estate broker in this transaction and defendant RODRIGUEZ assisted the purchaser with the loan documentation.

51.     Defendant GIBBONS, through his company Radius, was the mortgage broker on the loan and provided false employment, income and asset documents to a TFS loan officer located in the Western District of New York in support of the loan application to TFS.

16

52.    Defendant SAVEDOFF was the settlement attorney and represented the seller for this transaction.

53.    The HUD-1 Settlement Statement falsely indicated that the purchaser provided $24,471.00 at closing, when in truth and in fact he provided no funds.

54.    The HUD-1 Settlement Statement falsely indicated that a broker fee of $11,388.30 was paid to Radius outside the closing, when in truth and in fact, defendant GIBBONS received approximately $17,002.18 through GIBCO which was paid from the loan proceeds.

55.    Notwithstanding the false information and representations in the HUD-1 Settlement Statement and Addendum, defendant SAVEDOFF instructed his assistant, a person whose identity is known to the grand jury,  to sign his name in order falsely and fraudulently to certify the HUD-1 Settlement Statement and Addendum as true and accurate before sending the loan documents to TFS.

56.     On or about September 30, 2008, defendants GIBBONS, SAVEDOFF, and RODRIGUEZ, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $563,236.78 to be sent through the State of Delaware from United's account ending in 6611 at Capital Bank in New York to defendant SAVEDOFF's HSBC escrow account ending in 1846, to fund the mortgage loan.

57.    On or about October 2, 2008, defendants GIBBONS, SAVEDOFF, and RODRIGUEZ, and others known and unknown to the Grand Jury, caused false mortgage loan

documents to be sent and delivered by FedEx from United in Rochester, New York, to Greatwood Title in Syracuse, New York on behalf of TFS.

58.     On or about October 9, 2008, the defendants, GIBBONS, SAVEDOFF, and RODRIGUEZ, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $579,265.07 to be sent from M&T account ending 0811 in Buffalo, New York to InSouth account ending 3002, through the State of Ohio, for the purchase of the loan.

**816 Faile Street, Bronx, New York**

59.     On or about October 21, 2008, the closing for the sale of 816 Faile Street, Bronx, New York, for the price of $585,000, took place. Co-conspirator 1 served as the realtor in this transaction and provided the purchaser's actual employment, income and asset documents and information to defendant GIBBONS.

60.     Defendant GIBBONS, through his company Radius, was the mortgage broker on this loan and obtained the actual employment, income and asset documents from co-conspirator 1.  Defendant GIBBONS altered and falsified these documents and sent them to a TFS loan officer in the Western District of New York in support of the loan application to TFS.

61.     Defendant SAVEDOFF was the settlement attorney and represented the purchaser for this transaction.

62.     The HUD-1 Settlement Statement falsely indicated that the purchaser provided $24,202.30 at closing, when in truth and in fact the purchaser provided no funds.

63.     The HUD-1 Settlement Statement falsely indicated that a mortgage broker fee of $10,132.24 was paid to Radius outside of closing, when in truth and in fact, defendant GIBBONS received approximately $20,849.12 through GIBCO which was paid from the loan proceeds.

64.     Notwithstanding the false information and representations in the HUD-1 Settlement Statement and Addendum, defendant SAVEDOFF instructed his assistant to sign his name in order falsely and fraudulently to certify the HUD-1 Settlement Statement and Addendum as true and accurate before sending the loan documents to TFS.

65.     On or about October 21, 2008, defendants GIBBONS, and SAVEDOFF, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $554,095.05 to be sent through the State of Delaware from United's account ending in 6611 at Capital Bank in New York, to defendant SAVEDOFF's HSBC escrow account ending in 1846, to fund the mortgage loan.

66.     On or about October 30, 2008, defendants GIBBONS and SAVEDOFF, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $579,355.30 to be sent from M&T account ending 0811 in Buffalo, New York to InSouth account ending in 3002, through the State of Ohio, for the purchase of the loan.

**823 E. 218ᵗʰ Street, Bronx, New York**

67.     As a result of the fact that co-conspirator 2 had previously obtained a FHA insured loan originated by TFS for 814 Faile Street, Bronx, New York on August 22, 2008, as described above, defendants GIBBONS and SAVEDOFF, and others known and unknown to the Grand Jury, applied, and caused the application, for a loan for 823 E. 218th Street, Bronx, New York, to be sent to EPIX on behalf of co-conspirator 2.

68.     On October 23, 2008, the closing for the sale of 823 E. 218th Street, Bronx, New York, for the price of $710,000, took place.   Co-conspirator 1 served as the realtor in this transaction on behalf of co-conspirator 2, the purchaser, and provided co-conspirator 2's actual employment, income and asset information and documents to Radius.

69.     Defendant GIBBONS, through EPIX, was the mortgage broker on this loan and obtained the actual employment, income and asset documents from co-conspirator 1. Defendant GIBBONS altered and falsified these documents and sent them to EPIX in support of the loan application.

70.     Defendant SAVEDOFF was the settlement attorney and represented the purchaser for this transaction.

71.     The HUD-1 Settlement Statement falsely indicated that co-conspirator 2 provided $21,786.67 to the seller at closing, when in truth and in fact he provided no funds.

72.     The HUD-1 Settlement Statement falsely indicated that Global Realty, co-conspirator 1's company, was paid $24,000 by the seller, when in truth and in fact co-conspirator 1 received approximately $35,893.10 from the loan proceeds.

73.     The HUD-1 Settlement Statement falsely indicated that a broker fee of $1,095 was paid to EPIX by the purchaser, when in truth and in fact, defendant GIBBONS received approximately $25,000.87 through GIBCO which was paid from the loan proceeds.

74.     Notwithstanding the false information and representations in the HUD-1 Settlement Statement and Addendum, defendant SAVEDOFF instructed his assistant to sign his name in order falsely and fraudulently to certify the HUD-1 Settlement Statement and Addendum as true and accurate before sending the loan documents to EPIX.

75.     On or about October 23, 2008, the defendants, GIBBONS and SAVEDOFF, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $679,517.43 to be sent from Fed First Tennessee Bank, N.A., in Tennessee, to defendant SAVEDOFF's HSBC escrow account ending in 1846, to fund the mortgage loan.

## 3985 Carpenter Avenue, Bronx, New York

76.     On or about February 12, 2009, the closing for the sale of 3985 Carpenter Road, Bronx, New York, for the price of $550,000 took place.   Defendants SAVEDOFF and BROWN and co-conspirator 1 were the property sellers in this transaction.   Co-conspirator 1 also served as the realtor in this transaction and provided the purchaser's actual employment, income and asset information and documents to Radius.

77.     The Contract of Sale falsely reflected that an attorney whose name is known to the Grand Jury represented the seller in the transaction, when in truth and in fact, the seller was not represented by that attorney.

78.     Defendant SAVEDOFF served as attorney for the purchaser in this transaction.

79.     Defendant GIBBONS, through his company Radius, was the mortgage broker on this loan and obtained the actual employment, income and asset documents from co-conspirator 1.  Defendant GIBBONS altered and falsified these documents and sent them to a TFS loan officer in the Western District of New York in support of the loan application to TFS.

80.     The HUD-1 Settlement Statement falsely indicated that the purchaser provided $21,280.51 at the closing, when in truth and in fact the purchaser provided no funds.

81.     The HUD-1 Settlement Statement falsely indicated that Radius received $1,357.09 as the broker for this transaction, when in truth and in fact, defendant GIBBONS received approximately $26,942 through GIBCO paid from a title and abstract company.

82.     Notwithstanding the false information and representations in the HUD-1 Settlement Statement and Addendum, defendant SAVEDOFF instructed his assistant to sign the assistant's name in order falsely and fraudulently to certify the HUD-1 Settlement Statement and Addendum as true and accurate before sending the loan documents to TFS.

83.     On or about February 13, 2009, defendants GIBBONS, BROWN, and SAVEDOFF, and others known and unknown to the Grand Jury, caused a wire transfer in the amount of $513,763.24 to be sent through the State of Delaware from United's account ending 6611 at Capital Bank, in New York, to a title and abstract company's account ending in 9608 at HSBC, to fund the mortgage loan.

84.     On or about February 17, 2009, defendants GIBBONS, BROWN, and SAVEDOFF, and others known and unknown to the Grand Jury, caused false mortgage loan documents to be sent and delivered by FedEx from United in Rochester, New York, to Greatwood Title in Syracuse, New York on behalf of TFS.

**All in violation of Title 18, United States Code, Section 1349.**

## COUNTS 2 through 6

### (Mail Fraud Affecting a Financial Institution)

### The Grand Jury Further Charges That:

1.     The allegations in the Introduction and Count 1 of this Indictment are repeated, re-alleged and incorporated by reference as if fully set forth herein.

2.     From in or about June 2008 and continuing through February 2009, in the Western District of New York and elsewhere, the defendants, JULIO RODRIGUEZ a/k/a Richard Rodriguez a/k/a Richie Rodriguez ("RODRIGUEZ"), GREGORY GIBBONS ("GIBBONS"), LAURENCE SAVEDOFF ("SAVEDOFF"), and TINA BROWN ("BROWN"), together with co-conspirators 1 and 2, did devise, and intend to devise, a scheme and artifice to defraud TFS, FHA,  M&T, Suntrust Bank, Bank of America, N.A., JPMorgan

Chase Bank, N.A., Metlife Home Loans, LLC and Citibank, and to obtain money from these entities by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice affected financial institutions.

3.      On or about the dates set forth below, for the purpose of executing such scheme and artifice, and attempting to do so, defendants RODRIGUEZ, GIBBONS,  SAVEDOFF, and BROWN did deposit, and cause to be deposited, matter and things to be sent and delivered by FedEx, a private and commercial interstate carrier, and did knowingly cause matter and things to be delivered by such carrier according to the direction thereon and at the place at which it is directed to be delivered by the person to whom it is addressed, as set forth below:

| COUNT | DEFENDANTS | DATE | ITEM | PROPERTY |
|-------|-----------|------|------|----------|
| 2 | GIBBONS SAVEDOFF BROWN | 8/5/2008 | **FEDEX**<br>Tracking #: 797045382668<br>From: United Abstract & Research Inc<br>        80 North Union St<br>        Rochester NY 14607<br>To:     Greatwood Title & Abstract LLC<br>        3200 Burnet Ave<br>        Syracuse NY 13206 | 4087 EDSON AVE BRONX NY |
| 3 | GIBBONS SAVEDOFF | 8/27/2008 | **FEDEX**<br>Tracking #: 796071138303<br>From: United Abstract & Research Inc<br>        80 North Union St<br>        Rochester NY 14607<br>To:     Greatwood Title & Abstract LLC<br>        3200 Burnet Ave<br>        Syracuse NY 13206 | 814 FAILE ST BRONX NY |
| 4 | GIBBONS SAVEDOFF BROWN | 10/1/2008 | **FEDEX**<br>Tracking #: 790590493523<br>From: United Abstract & Research Inc<br>        80 North Union St<br>        Rochester NY 14607<br>To:     Greatwood Title & Abstract LLC<br>        3200 Burnet Ave<br>        Syracuse NY 13206 | 949 EAST 231ST ST BRONX NY |

| COUNT | DEFENDANTS | DATE | ITEM | PROPERTY |
|---|---|---|---|---|
| **5** | RODRIGUEZ GIBBONS SAVEDOFF | 10/2/2008 | **FEDEX** <br> Tracking #: 791963075310 <br> From: United Abstract & Research Inc <br>      80 North Union St <br>      Rochester NY 14607 <br> To:   Greatwood Title & Abstract LLC <br>      3200 Burnet Ave <br>      Syracuse NY 13206 | 1728 UNIONPORT RD BRONX NY |
| **6** | GIBBONS SAVEDOFF BROWN | 2/17/2009 | **FEDEX** <br> Tracking #: 797343782458 <br> From: United Abstract & Research Inc <br>      80 North Union St <br>      Rochester NY 14607 <br> To:   Greatwood Title & Abstract LLC <br>      3200 Burnet Ave <br>      Syracuse NY 13206 | 3985 CARPENTER AVE BRONX NY |

**All in violation of Title 18, United States Code, Section 1341.**

## COUNTS 7 through 17

**(Wire Fraud Affecting a Financial Institution)**

**The Grand Jury Further Charges That:**

1.     The allegations in the Introduction and Count 1 of this Indictment are repeated, re-alleged and incorporated by reference as if fully set forth herein.

2.     From in or about June 2008 and continuing through February 2009, in the Western District of New York, and elsewhere, the defendants, JULIO RODRIGUEZ a/k/a Richard Rodriguez a/k/a Richie Rodriguez ("RODRIGUEZ"), GREGORY GIBBONS ("GIBBONS"), LAURENCE SAVEDOFF ("SAVEDOFF"), and TINA BROWN ("BROWN"), together with co-conspirators 1 and 2, did devise, and intend to devise, a scheme and artifice to defraud TFS, FHA, M&T, Suntrust Bank, Bank of America, N.A., JPMorgan Chase Bank, N.A., Metlife Home Loans, LLC, and Citibank, and to obtain money from these

entities by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice affected financial institutions.

3.     On or about the dates set forth below, for the purpose of executing such scheme and artifice, defendants RODRIGUEZ, GIBBONS, SAVEDOFF, and BROWN did transmit, and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures and sounds as set forth below:

| COUNT | DEFENDANTS | DATE | ITEM | PROPERTY |
|---|---|---|---|---|
| 7 | RODRIGUEZ GIBBONS SAVEDOFF | 6/25/2008 | **OUTGOING WIRE TRANSFER**<br>Amount:     $634,916.46<br>Debit from:   M&T Bank<br>            RES MTG BANK<br>            BUSINESS<br>            Account ending in 0811<br>Credit to:    InSouth Bank<br>            Federal Home Loan Bank<br>            of Cincinnati<br>            Account ending in 3002 | 1732 UNIONPORT RD AVE  BRONX NY |
| 8 | GIBBONS SAVEDOFF BROWN | 8/1/2008 | **INCOMING WIRE TRANSFER**<br>Amount:     $622,616.27<br>Credit to:    HSBC Bank USA<br>            Laurence M Savedoff ESQ<br>            Attorney Escrow Account<br>            Account ending in 1846<br>Debit from:   Capital Bank<br>             United Abstract &<br>            Research Inc<br>            Account ending in 6611 | 4087 EDSON AVE BRONX NY |
| 9 | GIBBONS SAVEDOFF BROWN | 8/11/2008 | **OUTGOING WIRE TRANSFER**<br>Amount:     $650,638.67<br>Debit from:   M&T Bank<br>            RES MTG BANK<br>            BUSINESS<br>            Account ending in 0811<br>Credit to:    InSouth Bank<br>            Federal Home Loan Bank<br>            of Cincinnati<br>            Account ending in 3002 | 4087 EDSON AVE BRONX NY |

| COUNT | DEFENDANTS | DATE | ITEM | PROPERTY |
|---|---|---|---|---|
| **10** | GIBBONS SAVEDOFF | 8/22/2008 | **INCOMING WIRE TRANSFER**<br>Amount:    $553,403.73<br>Credit to:    HSBC Bank USA<br>    Laurence M Savedoff ESQ<br>    Attorney Escrow Account<br>    Account ending in 1846<br>Debit from:    Capital Bank<br>    United Abstract &<br>    Research Inc<br>    Account ending in 6611 | 814 FAILE ST BRONX NY |
| **11** | GIBBONS SAVEDOFF | 9/3/2008 | **OUTGOING WIRE TRANSFER**<br>Amount:    $580,202.89<br>Debit from:    M&T Bank<br>    RES MTG BANK<br>    BUSINESS<br>    Account ending in 0811<br>Credit to:    InSouth Bank<br>    Federal Home Loan Bank<br>    of Cincinnati<br>    Account ending in 3002 | 814 FAILE ST BRONX NY |
| **12** | GIBBONS SAVEDOFF BROWN | 9/26/2008 | **INCOMING WIRE TRANSFER**<br>Amount:    $552,646.06<br>Credit to:    HSBC Bank USA<br>    Laurence M Savedoff ESQ<br>    Attorney Escrow Account<br>    Account ending in 1846<br>Debit from:    Capital Bank<br>    United Abstract &<br>    Research Inc<br>    Account ending in 6611 | 949 EAST 231ST ST BRONX NY |
| **13** | RODRIGUEZ GIBBONS SAVEDOFF | 9/30/2008 | **INCOMING WIRE TRANSFER**<br>Amount:    $563,236.78<br>Credit to:    HSBC Bank USA<br>    Laurence M Savedoff ESQ<br>    Attorney Escrow Account<br>    Account ending in 1846<br>Debit from:    Capital Bank<br>    United Abstract &<br>    Research Inc<br>    Account ending in 6611 | 1728 UNIONPORT RD BRONX NY |
| **14** | RODRIGUEZ GIBBONS SAVEDOFF | 10/9/2008 | **OUTGOING WIRE TRANSFER**<br>Amount:    $579,265.07<br>Debit from:    M&T Bank<br>    RES MTG BANK<br>    BUSINESS<br>    Account ending in 0811<br>Credit to:    InSouth Bank<br>    Federal Home Loan Bank<br>    of Cincinnati<br>    Account ending in 3002 | 1728 UNIONPORT RD BRONX NY |

| COUNT | DEFENDANTS | DATE | ITEM | PROPERTY |
|---|---|---|---|---|
| **15** | GIBBONS SAVEDOFF | 10/21/2008 | **INCOMING WIRE TRANSFER**<br>Amount:      $554,095.05<br>Credit to:     HSBC Bank USA<br>Laurence M Savedoff ESQ<br>Attorney Escrow Account<br>Account ending in 1846<br>Debit from:   Capital Bank<br>United Abstract &<br>Research Inc<br>Account ending in 6611 | 816 FAILE ST BRONX NY |
| **16** | GIBBONS SAVEDOFF | 10/30/2008 | **OUTGOING WIRE TRANSFER**<br>Amount:      $579,355.30<br>Debit from:   M&T Bank<br>RES MTG BANK<br>BUSINESS<br>Account ending in 0811<br>Credit to:     InSouth Bank<br>Federal Home Loan Bank<br>of Cincinnati<br>Account ending in 3002 | 816 FAILE ST BRONX NY |
| **17** | GIBBONS SAVEDOFF BROWN | 2/13/2009 | **INCOMING WIRE TRANSFER**<br>Amount:      $513,763.24<br>Credit to:     HSBC Bank USA<br>Admiral Abstract LLC<br>ST Clearing<br>Account ending in 9608<br>Debit from:   Capital Bank<br>United Abstract &<br>Research Inc<br>Account ending in 6611 | 3985 CARPENTER AVE BRONX NY |

**All in violation of Title 18, United States Code, Section 1343.**

## <u>COUNTS 18 through 24</u>

**(Bank Fraud)**

**The Grand Jury Further Charges That:**

1.      The allegations in the Introduction and Count 1 of this Indictment are repeated,

re-alleged and incorporated by reference as if fully set forth herein.

2.      Between in or about June 2008 and continuing through in or about February 2009, in the Western District of New York, and elsewhere, the defendants, JULIO RODRIGUEZ a/k/a Richard Rodriguez a/k/a Richie Rodriguez ("RODRIGUEZ"), GREGORY GIBBONS ("GIBBONS"), LAURENCE SAVEDOFF ("SAVEDOFF"), and TINA BROWN ("BROWN"), together with co-conspirators 1 and 2, did  knowingly execute, and attempt to execute, a scheme and artifice to defraud the financial institutions set forth below and to obtain moneys, funds, credits, assets, and other property owned by or under the custody or control of said financial institutions by means of materially false and fraudulent pretenses, representations and promises as set forth below.

| COUNT | DEFENDANT | PROPERTY | CLOSING DATE | PRINCIPAL LOAN AMOUNT | FINANCIAL INSTITUTIONS |
|---|---|---|---|---|---|
| 18 | RODRIGUEZ GIBBONS SAVEDOFF | 1732 UNIONPORT RD BRONX NY | 6/19/2008 | $626,762 | M&T |
| 19 | GIBBONS SAVEDOFF BROWN | 4087 EDSON AVE BRONX NY | 7/31/2008 | $639,957 | M&T |
| 20 | GIBBONS SAVEDOFF | 814 FAILE ST BRONX NY | 8/22/2008 | $574,543 | M&T |
| 21 | GIBBONS SAVEDOFF BROWN | 949 EAST 231ST ST BRONX NY | 9/26/2008 | $570,201 | SUNTRUST BANK |
| 22 | GIBBONS SAVEDOFF RODRIGUEZ | 1728 UNIONPORT RD BRONX NY | 9/30/2008 | $569,415 | M&T, COUNTRYWIDE FINANCIAL |
| 23 | GIBBONS SAVEDOFF | 816 FAILE ST BRONX NY | 10/21/2008 | $578,985 | M&T, JPMORGAN CHASE |
| 24 | GIBBONS SAVEDOFF BROWN | 3985 CARPENTER AVE BRONX NY | 2/12/2009 | $542,836 | CITIBANK NA |

**All in violation of Title 18, United States Code, Sections 1344 and 2.**

## FORFEITURE ALLEGATION
### (Criminal Proceeds)

### The Grand Jury Alleges That:

1.      The allegations of the Introduction and Counts 1 through 24 are incorporated by reference and re-alleged as if fully set forth herein.

2.      Upon conviction of any or all of the offenses alleged Counts 1 through 24 of this Indictment, the defendants, JULIO RODRIGUEZ a/k/a Richard Rodriguez a/k/a Richie Rodriguez, GREGORY GIBBONS, LAURENCE SAVEDOFF and TINA BROWN, respectively, shall forfeit to the United States any and all property constituting and derived from any proceeds obtained, directly and indirectly, as a result of such violations, including, but not limited to:

## MONETARY AMOUNT:

The sum of Seven Hundred Twenty Seven Thousand Seventy Dollars and Twenty Cents ($727,070.20) in United States currency, or an amount determined by the Court or agreed upon by the parties, which if not readily available will become a monetary judgment, to be held joint and several, and will serve as a lien against the defendants' property, wherever situated, with interest to accrue at the prevailing rate per annum until fully satisfied in the event this amount is not located.

**All pursuant to the provisions of Title 18, United States Code, Section 981(a) (1) (C) or Section 982(a) (2) and Title 28, United States Code, Section 2461(c).**

## SUBSTITUTE ASSETS

It is the intention of the United States to seek forfeiture of any other property of said defendants up to $727,070.20 pursuant to Title 18, United States Code, Section 981(a) (1) (C) or

Section 982(a) (2), Title 28, United States Code, Section 2461(c), and Title 21 United States

Code, Section 853(p), in order to satisfy such monetary judgments.

DATED:  Buffalo, New York, April 13, 2016.


WILLIAM J. HOCHUL, JR.
United States Attorney


BY:   S/KATHLEEN A. LYNCH
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5830
Kathleen.Lynch@usdoj.gov


S/ELIZABETH R. MOELLERING
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5872
Elizabeth.Moellering@usdoj.gov


A TRUE BILL:


S/FOREPERSON