UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TINA BROWN,
                Defendant.

Case # 16-CR-41-FPG

DECISION AND ORDER

      In October 2017, Defendant Tina Brown pleaded guilty to one count of conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349. ECF No. 125, 126. In advance of sentencing, the parties submitted memoranda concerning the proper calculations for restitution and for loss under the Sentencing Guidelines.[1]

      The Court has already analyzed the issues of restitution and sentencing-guidelines loss in connection with the sentencing of co-defendants Laurence Savedoff and Gregory Gibbons. *See* ECF Nos. 316, 333. As a general matter, the Court's reasoning applies equally to Brown, whose criminal conduct related to three properties: (1) 4087 Edson Avenue; (2) 3985 Carpenter Avenue; and (3) 949 East 231st Street. *See* ECF No. 125 at 2-4. The calculations with respect to the latter two properties remain the same. *See* ECF No. 333 at 6. However, due factual developments with respect to 4087 Edson Avenue—namely, the sale of the property—those calculations have changed. *See* ECF No. 341.

      The outstanding principal loan balance for 4087 Edson Avenue was $637,734.37. ECF No. 351 at 11. According to the Revised Presentence Report, in February 2020, the property was

---

[1] In one letter to the Court, Brown argues that she should not be required to make a "double payment" of both restitution and a forfeiture money judgment, to which she had agreed as part of the plea agreement. ECF No. 341 at 3; *see also* ECF No. 125 at 15-16. But, as a general matter, the Second Circuit has permitted the concurrent imposition of forfeiture and restitution, *see United States v. Torres*, 703 F.3d 194, 204 (2d Cir. 2012), and Brown fails to develop any argument as to why it is more problematic in this case.

1

sold and M&T Bank received $613,688.46 as part of the sale. *Id.* On top of those proceeds, M&T Bank also received funds from "the originating entity (funding source)" to satisfy the remaining balance. *Id.*

The Court first determines the loss for purposes of the Sentencing Guidelines. "Under U.S.S.G. § 2B1.1(b)(1), the base offense level for various crimes resulting in financial loss is enhanced based on the amount of loss." *United States v. Lacey*, 699 F.3d 710, 713 (2d Cir. 2012). Loss "is the greater of actual loss or intended loss," intended loss being "the pecuniary harm that was intended to result from the offense," and actual loss being "the reasonably foreseeable pecuniary harm that resulted from the offense." *United States v. Skys*, 637 F.3d 146, 153 (2d Cir. 2011) (emphases omitted). A defendant receives credit against loss in the amount "the victim has recovered at the time of sentencing from disposition of the collateral" or, if the collateral has not been sold, "the fair market value of the collateral as of the date" of the guilty plea. U.S.S.G. § 2B1.1 app. note 3(E)(ii), (iii). Here, the actual loss is $637,734.37, but Brown receives credit for the amount M&T Bank recovered from the sale of the collateral—$613,688.46. Thus, the loss is $24,045.91.[2]

Next, the Court assesses restitution. In cases of mortgage fraud, the restitution owed to a lender is the amount of money lent less any money returned. *See Robers v. United States*, 572 U.S. 639, 642 (2014). By virtue of the proceeds from the sale of the collateral and the payment

---

[2] In the Revised Presentence Report, Probation credited against actual loss the recent payment M&T Bank received from the originating entity. *See* ECF No. 351 at 11, 22. The Court is skeptical that Brown should receive credit for that payment—although the Sentencing Guidelines contemplate a credit equal to "the amount the victim has recovered . . . *from disposition of the collateral*," they do not suggest that a defendant should receive credit for payments from third parties after the unlawful scheme is discovered. U.S.S.G. § 2B1.1 app. note 3(E)(ii) (emphasis added). While there may be grounds to justify that credit, Brown accepts the Court's loss figure, and so the Court need not further address the matter. *See* ECF No. 341 at 2. Moreover, the offense-level increase is the same under either calculation, so the difference is immaterial.

from the originating entity, the principal balance on M&T Bank's loan has been fully satisfied. Therefore, no restitution need be ordered as to M&T Bank.[3]

Accordingly, the Court finds and orders as follows:

| TRANSACTION | ALLEGED VICTIM(S) | GUIDELINE LOSS | RESTITUTION ORDERED (18 U.S.C. § 3663A(b)(1)) | MANNER OF PAYMENT (18 U.S.C. § 3664(f)(3)) |
|---|---|---|---|---|
| 949 East 231st Street | Suntrust Bank | $97,222.92 | $97,222.92 to HUD as indemnitor of Suntrust Bank | Monetary Payment |
| 3985 Carpenter Avenue | CitiBank | $122,819.25 | $122,819.25 to CitiBank | Monetary Payment |
| 4087 Edson Avenue | M&T Bank | $24,045.91 | N/A – Satisfied as to M&T Bank | N/A |
| | | **TOTAL GUIDELINE LOSS:** $244,088.08 **OFFENSE-LEVEL INCREASE:** 10 **BASE OFFENSE LEVEL:** 17 | **TOTAL LOSS FOR RESTITUTION:** $220,042.17 | **TOTAL CASH PAYMENTS ORDERED:** $220,042.17 |

---

[3] Ordinarily, the fact that a victim receives compensation from a third party is irrelevant to determining the extent of the loss for restitution purposes. *See* 18 U.S.C. § 3664(f)(1)(B) ("In no case shall the fact that a victim has received . . . compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."). Moreover, a defendant is normally required to reimburse the third-party payor in such cases. *See id.* § 3664(j)(1). But here, the originating entity is no ordinary third party, but appears to have made the payment based on an agreement made in the context of foreclosure proceedings. *See* ECF No. 351 at 11. Accordingly, the Court finds § 3664(f)(1)(B) and (j)(1) inapplicable. *Cf. United States v. Speckman*, 594 F.3d 1165, 1174 n.6 (10th Cir. 2010) (stating that third-party payor would not be entitled to payments under § 3664(j)(1) if its payment was not to compensate for the loss caused by the defendant but rather to compensate for its own liability).

In addition, for purposes of restitution, the Court orders that CitiBank shall receive first priority before HUD if Brown makes a partial monetary payment.

    IT IS SO ORDERED.

Dated: April 29, 2020
       Rochester, New York

                                                          HON. FRANK P. GERACI, JR.
                                                          Chief Judge
                                                          United States District Court